## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-000143-REB

DEMETRUIS MOORE

     Plaintiff,

v.

RICHARD BANTA AND CRABTREE AMUSEMENT, INC

     Defendants.

---

**PROTECTIVE ORDER** ( Docket No 21 - 1 )

---

THE COURT, having considered the parties' Stipulated Motion for Protective Order, and being fully advised in the premises, hereby:

GRANTS the Motion, and ORDERS as follows:

**1.**     <u>**Non-Disclosure of Stamped Confidential Documents.**</u> Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document may be disclosed to any person.

A "designating party" means a party or other person designating a document to be stamped as a confidential document. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information that the designating party believes to be subject to protection under F.R.C.P. 26(c). For purposes of this Order, the term "document" means all written, electronic, recorded, or graphic material,

**Exhibit A**

whether produced or created by a party or another person, whether produced pursuant to Rule 33, Rule 34, subpoena, by agreement, or otherwise provided by the designating party in response to any formal or informal discovery requests of any of the opposing parties in this litigation, that are designated in good faith as confidential by the designating party.    Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

      **2.**    **Permissible Disclosures.**    Notwithstanding Paragraph 1, stamped confidential documents may be disclosed to the parties; counsel for the parties in this action actively engaged in the conduct of this litigation; to the partners, associates, secretaries, and paralegals of such an attorney, to the extent reasonably necessary for those persons to render professional services in the litigation; and to Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).    Upon signing the Agreement to Comply with Protective Order (attached as **Exhibit 1**), the entirety of which is hereby incorporated by reference, stamped confidential documents may also be disclosed:

      a.    To any consultant or expert retained by a party who has consented to this Order;

b.      To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

c.      To persons with prior knowledge of the documents; or

d.      To any deponent.

These individuals (identified in subparagraphs (a)-(d) above) shall not give, show or otherwise divulge any of the confidential information or any copies, prints, negatives or summaries thereof to any entity or person except as specifically provided for by this Order; and

e.      No stamped confidential document may be disclosed to any person other than those specifically listed above, unless the party wishing to make such disclosure shall give at least twenty (20) days advanced notice in writing to the counsel of the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure, and the party designating the document as confidential responds agreeing with such disclosure.  If agreement to disclosure is reached, the disclosure can be made only after amendment to this Order is executed and the third party has executed a confidentiality agreement.  Through execution of the confidentiality agreement, that third party consents to the jurisdiction of this Court for the enforcement of this Order which shall be equally binding upon it, him, or her, as well as the parties and their counsel.  If, within the 20-day period, the designating party objects to the proposed disclosure, disclosure is not permissible until the Court

has heard and ruled on the issue pursuant to the process outlined in paragraph (3) below.

Disclosure of confidential documents by the designating party, under the circumstances discussed above, shall not be construed as a waiver of the designating party's right to claim confidentiality or privilege as to any such document disclosed. Furthermore, nothing in this Order shall be deemed to waive the designating party's right to either oppose discovery upon grounds other than that the documents and information sought constitute or contain confidential information or object on any ground to the admission in evidence, at the trial of this action, of any confidential information.

3.   **Declassification.**   A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document stamped as confidential is not entitled to such status and protection.  For any disputes regarding a document's confidentiality under this agreement, the designating party shall at all times maintain the burden of proving the confidentiality, proprietary nature and/or privilege of the document(s) at issue.  Any nonparty seeking such a ruling must show to the Court why the confidential information must be shared with the individual in question.   Both sides shall remain bound by the terms of this Order pending the resolution of any such motion.

4.   **Confidential Information in Depositions.**

a.   A deponent may, during the deposition, be shown and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the deponent has signed the Agreement to Comply with Protective Order after review of this Order.

b.      Parties may, either during the deposition or after receiving a copy of the deposition, designate pages of the transcript (and exhibits thereto) as confidential.   Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL." Until individual designation is mutually agreed by the parties, the deposition will be treated as subject to protection against disclosure under this Order.

5.      **Confidential Information at Trial.**   Subject to the applicable Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any Court hearing.  Any party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded at the trial.

6.      **Subpoena by Other Courts or Agencies.**   If another Court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or Order.  The party or other person who designated the document as confidential shall then be permitted to challenge the subpoena or Order at its own expense.

7.      **Filing.** Confidential documents may, under appropriate circumstances, be filed with the Court.  If filed with the Court, they shall be filed under ~~seal and shall~~ Restricted Access and consistent with D.C.Colo. LCivR 7.2.

mjw
4-11-14

~~remain sealed while in the office of the Clerk as long as they retain their status as stamped confidential documents.~~

8.    **Client Consultation.**   Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Section 2 above.

9.    **Use.**   Persons obtaining access to stamped confidential documents under this Order shall comply with this Order and shall use the information exclusively for preparation and evaluation of this case during litigation (including appeals and retrials).

10.    **Non-Termination.**   The provisions of this Order shall not terminate at the conclusion of these actions.   Within one-hundred twenty (120) days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed.   Counsel shall maintain a record of the confidential documents which are copied, including copies of copies, the number of copies made, and the entities to whom the copies were provided or to whom disclosure of the confidential information was otherwise made.   All counsel of record shall make certificates of compliance herewith and shall deliver the same together with a complete copy of the record referenced in the prior sentence to counsel for the party who produced the documents not more than one-hundred fifty (150) days after final termination of this litigation.

11. **Modification Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys**. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in Court under ~~seal.~~ *Restricted Access.* The attorneys of record are responsible for ascertaining that, at the conclusion of this litigation, all retained experts and/or consultants to whom confidential information has been disclosed or disseminated shall return to counsel for the designating party all documents and other materials, and copies thereof, produced pursuant to this Order. Such experts and/or consultants shall also provide a letter to the designating party's counsel, with copies to all counsel who have signed the Protective Order, verifying their compliance with this Order and the Agreement to Comply with Protective Order.

**AND IT IS SO ORDERED**:

DATED THIS _____11th_____ day of _____April_____, 2014.

_____
Honorable Michael J. Watanabe
Magistrate Judge