IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00143-REB-MJW

DEMETRIUS MOORE,

Plaintiff,

v.

RICHARD BANTA and
CRABTREE AMUSEMENT, INC.,

Defendants.

**ORDER ON
PLAINTIFF'S PARTIALLY OPPOSED MOTION TO AMEND THE COMPLAINT TO
ADD ADDITIONAL PARTY AND EXEMPLARY DAMAGES
(Docket No. 25)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 5) issued by Judge Robert E. Blackburn on January 21, 2014.

Now before the court is Plaintiff's Partially Opposed Motion to Amend the Complaint to Add Additional Party and Exemplary Damages (Docket No. 25).  The court has carefully considered the subject motion (Docket No. 25) and defendants' response (Docket No. 28).  Plaintiff did not file a timely reply.  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

This matter involves a motor vehicle accident in Bent, Colorado.  On September 7, 2011, plaintiff was driving eastbound on Highway 50 when a steel beam fell from a

truck as plaintiff was passing.  The truck was driven by defendant Richard Banta and carried carnival/amusement park equipment for defendant Crabtree Amusement, LLC.  The beam crushed plaintiff's vehicle and caused injuries.

In the subject motion, plaintiff seeks to add Tivoli Manufacturing Ltd. as an additional defendant.  Tivoli manufactured the equipment and securing mechanism for the steel beam.  Defendants do not oppose adding Tivoli.  Plaintiff also argues the evidence in the case supports a *prima facie* case of willful and wanton conduct and seeks to amend the Complaint to assert a claim for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).

In Colorado, exemplary or punitive damages are available only by statute. The Colorado general exemplary damages provision, Colo. Rev. Stat. § 13-21-102(1.5)(a) states as follows:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff

3

establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Exemplary or punitive damages are only appropriate if "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b). Thus, in order for an amendment seeking exemplary damages to be proper, the court must find plaintiff establishes *prima facie* proof of a triable issue that defendants purposefully behaved in a reckless manner "without regard to consequences, or of the rights and safety" of plaintiff.

"The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." Leidholt v. Dist. Court in & for the City and Cnty. of Denver, 619 P.2d 768, 771 (Colo. 1980). Plaintiff must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution," in order to demonstrate the requisite *prima facie* proof of a triable issue. Id.

Plaintiff argues its factual allegations are sufficient to establish *prima facie* proof. Plaintiff argues defendants knew that not securing the steel beam appropriately would result in it becoming a falling hazard and cause injury. Plaintiff notes that defendant


4

Banta was cited under Colo. Rev. Stat. § 42-4-235(2)(a) for failing to meet the minimum standards for commercial vehicles. Plaintiff argues that "driving a commercial vehicle with large, dangerous equipment attached to it, should be held to a higher standard, require the driver and the company to ensure it meets the standards for commercial vehicles, and do routine safety checks to ensure the cargo has not slipped or has the potential to become dislodged and cause harm to the public at large."

Plaintiff also argues Tivoli should have known that their safety equipment would fail resulting in injury. Plaintiff further argues that "[p]roducing safety equipment, as does Tivoli, should clearly label and indicate what kind of equipment it is capable of handling. Punitive damages should be allowed to be added as a manufacturer has a higher standard to ensure that its product's limitations are known to its consumers."

In response, defendants argue plaintiff has failed to provide sufficient evidence of a triable issue. Defendants note that plaintiff did not cite to any discovery responses, documents, deposition testimony, or any other potentially admissible evidence to meet plaintiff's burden.

The court agrees with defendants. Plaintiff's motion consists only of argument by counsel. The lone evidence plaintiff cites to is defendant Banta's traffic citation (although the citation is not attached to the subject motion). As pointed out by defendants, even if defendant Banta is convicted of the citation, it is inadmissible and does not qualify as evidence which may be considered in the court's analysis. See Colo. Rev. Stat. § 42-4-1713 (stating the conviction on such citations are not admissible as evidence in "any court in any civil action"). Even if the citation was considered, it does not provide any evidence as to how defendant Banta's conduct meets the

5

standards outlined above.

In addition, plaintiff provides no evidence concerning Tivoli's conduct. Regardless, plaintiff request to add an exemplary damages claim against Tivoli is premature as Tivoli has not yet filed a responsive pleading or served initial disclosures, both of which are prerequisites.  See Colo. Rev. Stat. § 13-21-102(1.5)(a).

For the above reasons, the court finds plaintiff has failed to provide sufficient evidence to establish *prima facie* proof of a triable issue.  Accordingly, the subject motion is denied as to the request to add exemplary damages.  The court finds no undue delay, undue prejudice, bad faith/dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment as to the addition of Tivoli and the proposed Fourth Claim.  Accordingly, the subject motion is granted as to the request to add Tivoli and the Fourth Claim.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Partially Opposed Motion to Amend the Complaint to Add Additional Party and Exemplary Damages (Docket No. 25) is **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** insofar as plaintiff shall be permitted to add Tivoli Manufacturing Ltd. as a defendant and add the proposed Fourth Claim for Relief.  Plaintiff's Amended Complaint shall clearly indicate that the Fourth Claim for Relief is brought against Tivoli only.  The motion is **DENIED** insofar as plaintiff shall not be permitted to add claims for exemplary damages.  It is further

**ORDERED** that plaintiff shall file an Amended Complaint, consistent with this

6

order, on or before June 13, 2014.

Date: June 6, 2014  s/ Michael J. Watanabe
       Denver, Colorado  Michael J. Watanabe
                                           United States Magistrate Judge