IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00143-REB-MJW

DEMETRIUS MOORE,

Plaintiff,

v.

RICHARD BANTA and
CRABTREE AMUSEMENT, INC.,

Defendants.

---

### REPORT & RECOMMENDATION
on

### PLAINTIFF'S OPPOSED MOTION TO STRIKE DEFENDANTS' DESIGNATION OF NON-PARTY AT FAULT
**(Docket No. 50)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This is a negligence case.  Defendants filed a "Designation of Nonparty at Fault" pursuant to C.R.S. § 13-21-111.5.  (Docket No. 20.)  Plaintiffs moved to strike that designation.  (Docket No. 50.)  District Judge Robert E. Blackburn referred the motion to the undersigned, and the motion is now fully briefed.  (Docket Nos. 51, 52, & 53.)  The Court has reviewed the parties' filings, taken judicial notice of the court's file, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.

Now being fully informed, the Court makes the following findings of fact, conclusions of law, and recommendation that Plaintiff's motion be granted.

## Discussion

"Section 13-21-111.5 provides that in civil actions, plaintiffs and defendants may designate nonparties as being wholly or partially at fault, and authorizes the finder of fact to consider the percentage of a nonparty's negligence or fault in apportioning ultimate liability." *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997) (footnote callout omitted). "The adoption of this statute was intended to cure the perceived inequity under the common law concept of joint and several liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite the fact that another wrongdoer, who was not held accountable, contributed to the result." *Id.* "Thus, a defendant in an action brought as a result of injury to person or property may reduce the amount of damages for which the defendant will be liable by demonstrating another person's fault, without that person necessarily being joined as a defendant." *Id.* at 536. The statute "encompasses not only negligence claims but also applies to claims of strict liability." *Id.* at 535 n.4.

Under the statute, notice of the designation "shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address . . . together with *a brief statement of the basis for believing such nonparty to be at fault.*" C.R.S. § 13-21-111.5(3)(b) (emphasis added).

This designation is a pleading, triggering the duties implicated by all other pleadings. *See Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001), *as modified on denial of reh'g* (Jan. 14, 2002) ("A designation is a pleading invoking Rule 11's reasonable factual investigation requirements." (citing *FDIC v.*

*Isham,* 782 F.Supp. 524, 529 (D.Colo. 1992)). Further, "[c]ourts should construe designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Id.* at 80. As a result, the designation, though brief, "must allege the basis for believing the non-party legally liable to the extent the non-party's acts or omissions would satisfy all the elements of a negligence claim. A designation that alleges only causation is insufficient as a matter of law, and in such circumstances . . . a trial court's order to strike is proper." *Id.* at 81 (footnote callout omitted). The designating party "need not *prove* negligence in the submitted designation, but the submission must go beyond bald allegation. A proper non-party designation connects alleged facts with the established elements of negligence." *Id.* (internal citation omitted).

Here, Plaintiff was injured when a steel beam fell off a truck driven by Defendant Banta in the scope of his employment with Defendant Crabtree Amusement, Inc., as part of a collision allegedly caused by Banta. Defendants' nonparty designation names the manufacturer of the steel beam and related equipment, and states:

> Upon information and belief, Tivoli [Manufacturing Ltd.] manufactured the equipment and securing mechanism for the steel beam. Although Defendant Banta secured the mechanism and then later double-checked it before the accident, the mechanism failed and/or became dislodged right before the accident. Accordingly, the injuries and damages Plaintiff alleges in this lawsuit were caused by the negligence or fault of Tivoli.

(Docket No. 20.) After the designation was filed, Plaintiff filed an Amended Complaint adding negligence and strict-liability claims against Tivoli Manufacturing Ltd. as a co-defendant. (Docket No. 34.)

Plaintiff argues that these three sentences are insufficient to satisfy C.R.S. § 13-21-111.5(3)(b)'s requirement of "a brief statement of the basis for believing such nonparty to be at fault." Defendant responds that (1) if it was good enough to allow Plaintiff to file an amended complaint, it plainly put Plaintiff on sufficient notice, and (2) in any event, all the elements of strict liability are necessarily implied in those three sentences. The Court agrees with Plaintiff.

As to Defendants' first argument, it is an improper attempt to supplant Defendants' own Rule 11 obligations with Plaintiff's. *See Fed. Deposit Ins. Corp. v. Isham*, 782 F. Supp. 524, 529 (D. Colo. 1992) ("The statute makes clear that a designation of non-parties is a pleading. As such, it is subject to the provisions of Fed. R. Civ. P. 11 requiring a reasonable factual investigation."). Plaintiff may or may not have been justified, under the circumstances, in relying on the designation to file an amended pleading; that question has no bearing on whether the designation establishes the elements of the claimed legal culpability as required under *Redden*.

As to the Defendants' second argument, the three sentences do not come close to establishing a *prima facie* case for strict liability, even with all reasonable inferences drawn in Defendants' favor. This Court sets forth the elements of strict liability under Colorado law as follows:

> Strict liability . . . is not the equivalent of absolute liability, and the fact that an accident may occur in connection with the use of a product does not necessarily mean that the manufacturer is liable. Rather, to recover on a theory of strict products liability, a plaintiff must establish that: (1) the product is in a defective condition unreasonably dangerous to the user or consumer; (2) the product is expected to and does reach the consumer without substantial change in the condition in which it was sold; (3) the defect caused the plaintiff's injuries; (4) the defendant sold the

product and is engaged in the business of selling products; and (5) the
plaintiff sustained damages.

*Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1106 (D. Colo. 2000) (internal citations and quotation marks omitted).  Defendants' designation probably establishes the fourth element.  But it says nothing at all about the remaining elements.  As such, it is legally insufficient, and a motion to strike is proper.

The Court notes that striking the designation does not prohibit Defendants from continuing to assert Tivoli's negligence as an intervening cause.  "[A] defendant may always attempt to interpose a complete defense that his acts or omissions were not the cause of the plaintiff's injuries. . . .  A defense that the defendant did not cause the plaintiff's injuries is not equivalent to the designation of a non-party because it cannot result in apportionment of liability, but rather is a complete defense if successful.  [The nonparty-designation] statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the injury at issue." *Redden*, 38 P.3d at 81.

## **Recommendation**

**WHEREFORE**, for the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Opposed Motion to Strike Defendants' Designation of Non-Party at Fault (Docket No. 50) be **GRANTED** and that Defendants Richard Banta and Crabtree Amusement, Inc.'s Designation of Nonparty at Fault (Docket No. 20) be **STRICKEN**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: December 9, 2014      */s/ Michael J. Watanabe*
       Denver, Colorado      Michael J. Watanabe
                                             United States Magistrate Judge