IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00143-REB-MJW

DEMETRIUS MOORE,

Plaintiff,

v.

RICHARD BANTA.,
CRABTREE AMUSEMENT, INC., and
TIVOLI MANUFACTURING, LTD.

Defendants.

**REPORT & RECOMMENDATION
on**

**DEFENDANTS RICHARD BANTA AND CRABTREE AMUSEMENT, INC.'S MOTION
TO FILE SUPPLEMENTAL DESIGNATION OF NONPARTY AT FAULT
(Docket No. 63)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This is a negligence case. Defendants Richard Banta and Crabtree Amusement, Inc. filed a "Designation of Nonparty at Fault" pursuant to C.R.S. § 13-21-111.5(3). (Docket No. 20.) Plaintiffs moved to strike that designation (Docket No. 50), and the undersigned recommended that the motion to strike be granted (Docket No. 54). Defendants Banta and Crabtree Amusement, Inc. objected to the recommendation (Docket No. 59), and the matter is still pending before District Judge Robert E. Blackburn. Defendants Banta and Crabtree Amusement, Inc. have also moved for leave to file a supplemental designation, to cure any deficiencies in the original

2

designation.  (Docket No. 63.)  Judge Blackburn referred this new motion to the undersigned.  (Docket No. 64.)

The Court has reviewed the parties' filings (Docket Nos. 63, 65, & 71), taken judicial notice of the court's file, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court recommends that the motion (Docket No. 63) be denied with leave to renew.

## Discussion

The Court's previous recommendation (Docket No. 54), that the designation be stricken, was based on the rules of pleading.  Designations of nonparties at fault are treated as pleadings, *see Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001), *as modified on denial of reh'g* (Jan. 14, 2002) (citing *FDIC v. Isham,* 782 F.Supp. 524, 529 (D.Colo. 1992)), and the original designation does not sufficiently plead a claim for strict liability.

However, there is a second problem with Defendants Banta and Crabtree Amusement, Inc.'s designation, and the problem is rooted in Plaintiff's procedural irregularities.  A designation of nonparty at fault must, by definition, designate a *nonparty* to the lawsuit.  In this case, the purportedly at-fault entity at issue is actually a co-defendant who has yet to enter an appearance.  To wit:

- Plaintiff filed his Complaint in state court on November 27, 2013, against Defendants Banta and Crabtree Amusement, Inc.  (Docket No. 3.)

- Defendants Banta and Crabtree Amusement, Inc.  removed to this Court on January 17, 2014.  (Docket No. 1.)  Defendants Banta and Crabtree Amusement, Inc. answered the Complaint shortly thereafter.  (Docket Nos. 8, 11.)

- Defendants Banta and Crabtree Amusement, Inc. filed their original designation of nonparty at fault on April 10, 2014, naming Tivoli Manufacturing, Ltd. as the nonparty at fault.  (Docket No. 20.)

- On April 23, 2014, Plaintiff moved to amend his Complaint to add Tivoli Manufacturing, Ltd. as a third defendant.  (Docket No. 25.)

- On May 7, 2014—**before** the proposed Amended Complaint was accepted for filing—Plaintiff filed proof of personal service of the summons and amended complaint on Jim Ziaja.  (Docket No. 27.)  The summons filed with this proof-of-service does **not name** Defendant Tivoli Manufacturing, Ltd. in the caption **nor identify** Jim Ziaja.  But Plaintiff docketed the document as proof of service on "Tivoli Systems, Inc." (*see id.*), and the Court **assumes** Mr. Ziaja is a registered agent for that entity.

- On June 6, 2014, the undersigned granted Plaintiff leave to add Tivoli Manufacturing, Ltd. as a defendant.  (Docket No. 31.)  The following week, Plaintiff's Amended Complaint was filed.  (Docket No. 34.)

- On June 27, 2014, Defendants Banta and Crabtree Amusement, Inc. answered the Amended Complaint.  (Docket Nos. 38 & 39.)  The Answers repeat Defendants' allegations that third parties were at fault for Plaintiff's injuries.  (Docket No. 38, p.6 ¶ 9; Docket No. 39, p.6 ¶ 9.)  The Answers do not include any cross-claims against Co-Defendant Tivoli Manufacturing, Ltd.

- On August 12, 2014, Plaintiff filed a summons.  (Docket No. 44.)  This summons still had an incorrect case caption, but the summons was addressed to Tivoli Manufacturing, Ltd.  Nonetheless, the document filed is simply a copy of a summons, and not proof of service.

Based on the foregoing, the Court finds that Tivoli Manufacturing, Ltd. was permitted to be added as a defendant in this lawsuit.  Tivoli Manufacturing, Ltd. has not entered any appearance, and Plaintiff has not filed any adequate proof of service.  Nonetheless, Tivoli Manufacturing, Ltd. has not been dismissed from this case.

Accordingly, until such time as Defendant Tivoli Manufacturing, Ltd. is dismissed from this lawsuit,[1] Defendants Banta and Crabtree Amusement, Inc. may not designate

---

[1] The Court concludes that, if Tivoli Manufacturing, Ltd. is ultimately dismissed from this case, Defendants Banta and Crabtree Amusement, Inc. should be granted leave to re-

them as a nonparty at fault.  As this case is currently postured, Defendant Tivoli Manufacturing, Ltd. is a co-defendant and therefore Defendants Banta and Crabtree Amusement, Inc. may proceed with their pro-rata liability defense under C.R.S. § 13-21-111.5(1) & (2) but may not proceed under C.R.S. § 13-21-111.5(3).

The Court therefore RECOMMENDS that Defendants Banta and Crabtree Amusement's motion (Docket No. 63) be DENIED, without prejudice.

The Court further ORDERS that

- A SHOW CAUSE HEARING is set for Monday, March 2, 2015, at 2:00 p.m., before Magistrate Judge Watanabe in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado;

- At least ten days prior to this Show Cause Hearing, Plaintiff shall file (1) proof of timely service consistent with Fed.R.Civ.P. 4 upon Defendant Tivoli Manufacturing, Ltd.; (2) a motion for clerk's entry of default against Defendant Tivoli Manufacturing, Ltd. under Fed.R.Civ.P. 55(a); and (3) a motion for default judgment under Fed.R.Civ.P. 55(b) against Defendant Tivoli Manufacturing, Ltd.; and

- At this Show Cause Hearing, Plaintiff shall explain any failure to file the above documents and shall otherwise show cause why Defendant Tivoli Manufacturing, Ltd. should not be dismissed from this case for failure to prosecute under Fed.R.Civ.P. 41(b) and failure to serve under Fed.R.Civ.P. 4.

---

file the designation as supplemented.  The Court finds the procedural irregularity presented by Plaintiff's handling of his claim against Tivoli Manufacturing, Ltd. constitutes good cause for Defendants' failure to timely supplement their designation. *See Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006) (allowing untimely amendment where plaintiff reasonably believed the amendment to be unnecessary, and the late motion was triggered by defendant's own strategically dilatory conduct). Further, Defendants Banta and Crabtree Amusement ,Inc.'s delay has not been undue, for the same reason; the amended designation would not unfairly prejudice Plaintiff, because Tivoli Manufacturing, Ltd. is already part of this action at this point in time; the amendment would not be futile, because the supplemental designation adequately pleads strict liability; and no other grounds to deny leave under Rule 15(a) are present.

5

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: January 28, 2015          */s/ Michael J. Watanabe*
      Denver, Colorado          Michael J. Watanabe
                                          United States Magistrate Judge